IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Chapter 11<br>Case 07 B 20870 |
| MISSION BAY SKI & BIKE, INC.,<br>an Illinois corporation, and LUKASZ<br>REMIAZ, | § § § § | Jointly Administered |
| Debtors. | § § | Hon. A. Benjamin Goldgar |

**AGREED FINAL ORDER GRANTING THE DEBTOR'S MOTION
TO USE CASH COLLATERAL OF
WILLIAM LINNEMANN AND VALERIE GERVAIS**

This cause was heard on the motion (the "Motion")(Doc. # 136) filed by MISSION BAY SKI & BIKE, INC. ("Mission Bay" or "the Debtor"), debtor and debtor-in-possession, for the entry of an order which authorizes the Debtor to use cash collateral of William Linnemann and Valerie Gervais (the "Assignees") in their capacity as assignees of the rights of First American Bank ("FAB") against the estate, due notice having been given, and the Assignees having consented to the entry of this Order, and the Court being advised in the premises,~~and based on the stipulation of the Debtor and the Assignees.~~

PARTIES STIPULATE:
~~THE COURT FINDS:~~

1. The Debtor commenced this voluntary chapter 11 case on November 7, 2007 (the "Petition Date").

2. On the Petition Date, FAB asserted a $1.1 Million secured claim against the Debtor, which claim arose from a secured loan transaction which closed on or about February 28, 2007 (the "Loan").

3. On December 14, 2007, the Court entered an interim order (the "December Cash Collateral Order")(Doc. # 53) that authorized the Debtor to use cash collateral claimed by FAB, and approved the Debtor's offer of adequate protection to FAB in consideration for that cash collateral use.

4. On or about January 18, 2008, the Assignees purchased FAB's allowed secured claim against the Debtor.

5. Pursuant to 11 U.S.C. §361, the Debtor has offered adequate protection to the Assignees (sometimes referred to herein as the "Adequate Protection") on the following terms. Pending the entry of an order of Court, if ever and if any, that disallows or subordinates the Assignees' allowed secured claim, the Debtor shall:

   a. pay the sum of Forty Thousand Dollars ($40,000.00) to the Assignees, as adequate protection for their alleged secured claim under the FAB Loan;

   b. maintain at least $120,000.00 of cash and inventory (at cost);

   c. reaffirm and re-grant to the Assignees the replacement liens which the Debtor granted to FAB in paragraph E of the December Cash Collateral Order; and

   d. to the extent that the Debtor uses cash collateral, do so only in a manner that complies with the Debtor's duties and obligations under the Revolving Credit Agreement dated February 28, 2008 (the "DIP Loan") that the Court authorized the Debtor to execute in its order dated February 28, 2008 (docketed in this case by the Clerk as document 104), except as those terms may be modified by the terms of this Cash Collateral order, and any future order the Court may enter in this Case.

-2-

6.  The Court has not determined the amount of the Assignees' allowed secured claim. However, for purposes of this Cash Collateral Order only, the Assignees and the Debtor have agreed that the Debtor will provide Adequate Protection as set forth above, without affecting the value or amount of the Assignees' allowed secured claim, except to the extent that the $40,000.00 payment that the Assignees shall receive from the Debtor is applied to that claim. Adequate Protection is sufficient in amount to reasonably assure the Assignees that their allowed secured claims against the estate (if any) will be at least as valuable throughout the pendency of this Case as it was on the Petition Date. The Adequate Protection provides the Assignees with the indubitable equivalent of the interests that the Assignees purchased from FAB in January of 2008. Assignees specifically reserve their right to prove the amount or value of their allowed secured claim at a later date.

THEREFORE, IT IS ORDERED:

A.  The Motion is GRANTED.

B.  Subject to the provision of Adequate Protection, the Debtor is authorized to use cash collateral of William Linnemann and Valerie Gervais on the terms set forth in this Order.

C.  Pending the entry of an order of Court, if ever and if any, that disallows or subordinates the Assignees' allowed secured claim, the Debtor shall:

i.  cause the sum of Forty Thousand Dollars ($40,000.00) to be paid within seven (7) days of the entry of this Order to the Assignees as part of the Adequate Protection.

ii.  maintain at least $120,000.00 of cash (other than cash contained in the Deposit) and inventory (at cost);

iii. the Debtor, hereby reaffirms and re-grants to the Assignees the replacement liens that the Debtor granted to FAB in paragraph E of the December Cash Collateral Order; and

iv. to the extent that the Debtor uses cash collateral, it will do so only in a manner that complies with the Debtor's duties and obligations under the Revolving Credit Agreement dated February 28, 2008 (the "DIP Loan") that the Court authorized the Debtor to execute in its order dated February 28, 2008 (docketed in this case by the Clerk as document 104), except as those terms may be modified by the terms of this cash collateral order, and any future order which the Court may enter in this Case.

D. The Debtor shall cease the use of cash collateral at any time that the conditions set forth in the preceding paragraph (C) are not in effect.

E. To secure the Assignees' claims for the use of cash collateral, the Debtor is hereby authorized to grant, and is hereby deemed to have granted to the Assignees, replacement liens on its assets with the same validity, first priority, and extent of FAB's pre-petition liens on those assets. Further, those replacement liens shall be perfected without the necessity of filing or recording any additional documents. However, notwithstanding any other provision of this Order, the Debtor shall not grant, or be deemed to grant, to FAB, the Assignees, or any other entity which acquires or succeeds to the Assignees' rights under this Order a lien upon any right, claim, or cause of action that the Debtor or its estate may have against FAB or the Assignees under the provisions of the Bankruptcy Code or any applicable non-bankruptcy law, or any lien or claim against any cause of action which the Debtor may have against any entity by virtue of the Bankruptcy Code including without limitation 11 U.S.C. §§542 through 550 and 553.

-4-

Further, the liens granted herein shall be subordinate in payment and right to any claim of the United States for the payment of fees and costs that the Debtor is obliged to pay pursuant to 28 U.S.C. §1930 and the implementing regulations of the U.S. Trustee with respect to that statutory provision.

F. The Debtor may use cash collateral to pay its operating expenses and any other claim that the Court authorizes the Debtor to pay after notice and a hearing. Between the date of entry of this Order and September 30, 2008, the Debtor's use of cash collateral shall be governed by the explicit terms of the DIP Loan that the Court authorized the Debtor to implement through the Court's Order dated February 28, 2008 (document 104)(the "DIP Order"). During each month from and after October 1, 2008, unless the Court orders otherwise, the Debtor may use cash collateral to pay its monthly operating expenses in amounts that do not exceed 110% of the amounts set forth in the line items of the budget (attached to the DIP Order as Exhibit B) for the month of September 2008, measured on a cumulative basis over the term of the budget.

G. From and after the entry of this Order, the Debtor may use cash collateral free of the obligations and burdens that the Debtor assumed in connection with the December Cash Collateral Order. The adequate protection that the Debtor has offered to the Assignees in the Motion, and that it is required to provide to the Assignees pursuant to this order, supercedes all other adequate protection requirement of the December 2007 Cash Collateral Order. Apart from the grant of replacement liens contained in paragraph E of the December 2007 Cash Collateral Order, the terms and effect of the December Cash Collateral Order have not been extended or made final, for purposes of Rule

4001. In the event of any inconsistency between the terms of the December 2007 Cash Collateral Order and this Order, the terms of this Order shall govern.

H. The evidentiary hearing on the Motion which was set for May 14, 2008 at 10:00 a.m. is stricken. The parties are excused from their respective obligations to submit to the Court and exchange witness and exhibit lists and exhibits, in connection with that May 14, 2008 hearing.

Dated: 5/14/08

ENTER:

_____
United States Bankruptcy Judge

-6-