### UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> MISSION BAY SKI & BIKE, INC., <br><br> Debtor. | Chapter 7 <br> Case No. 07-20870 <br><br><br> Hon. A. Benjamin Goldgar |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Shaw Gussis Fishman Glantz Wolfson & Towbin |
| Authorized to Provide Professional Services to: | Richard M. Fogel, Trustee |
| Date of Order Authorizing Employment: | December 22, 2008, effective as of December 8, 2008 |
| Period for Which Compensation is Sought: | January 1, 2012 – May 31, 2012 |
| Amount of Fees Sought: | $4,780.50 |
| Amount of Expense Reimbursement Sought: | $153.60 |

This is a(n):               Interim Application                         XX   Final Application

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 02/22/12 | 12/08/08 – 12/31/11 | $118,434.46 | $117,799.19 | $635.27 |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein, including retainers and interim payments is <u>$0.00.</u>

Applicant:                          Shaw Gussis Fishman Glantz Wolfson & Towbin


Dated: June 13, 2012                    By: ___ /s/ Richard M. Fogel ___
                                        One of the Trustee's attorneys


{6892 CVR A0312807.DOC}

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 07-20870 |
| MISSION BAY SKI & BIKE, INC. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |

**FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC FOR PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

Richard M. Fogel, the duly appointed trustee (the "Trustee") for the chapter 7 estates of
Mission Bay Ski & Bike, Inc. ("Ski & Bike"), in support of the Final Application of Shaw Gussis
Fishman Glantz Wolfson & Towbin LLC for Payment of Compensation and Reimbursement of
Expenses ("Application"), respectfully states as follows:

**BACKGROUND**

1.      On November 7, 2007, Ski & Bike filed a voluntary petition for relief under
chapter 11 of the Bankruptcy Code, thereby commencing the above-entitled bankruptcy case.

2.      On December 8, 2008, the Ski & Bike case was converted to a case under chapter
7 of the Bankruptcy Code and the Trustee was appointed as the chapter 7 trustee for the estate.

3.      On December 22, 2008, the Court entered an Order authorizing the Trustee to
retain Shaw Gussis, effective as of December 8, 2008.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and
1334.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter is a core
proceeding pursuant to 28 U.S.C. §157(b)(2).

{6892 APPL A0320395.DOC}

5.      Through this application, Shaw Gussis seeks a final award of $4,780.50 in compensation and $153.60 in reimbursement of expenses (collectively, the "Final Award") for the period of January 1, 2012 through May 31, 2012 (the "Application Period").

6.      On March 14, 2012, this Court entered an order approving an interim award of compensation and expenses to Shaw Gussis in the amount of $117,799.19 for the period of December 8, 2008 through December 31, 2011 (the "Interim Application").

## STATUS OF CASES AND REQUEST FOR RELIEF

6.      At the time of the Trustee's appointment, the Ski & Bike Case was mired in what appeared to be an endless circle of litigation.  Litigation was ongoing in multiple cases between the former and current equity holders of Ski & Bike.  In addition, there were many other questions about the use of the Debtor's assets to pay certain professionals who appeared to be working for the Debtor's current owners and monies transferred by the former owners before and after the sale of their equity.

7.      In addition, questions existed about Ski & Bike's lender's involvement in the transaction between the former and current equity holders and whether it had any liability to the Ski & Bike bankruptcy estate ("Estate") on account of that transaction.

8.      The professionals at Shaw Gussis provided the Trustee with significant counsel as to the pending litigation and potential claims he had to address as part of his administration of the Estate.

9.      Ultimately, all litigation involving the Estate was resolved in favor of the Estate. At the time of the Interim Application, the Estate had collected all but one of the settlement amounts due to it.  The final settlement payment has now been collected and the Trustee's Final Report awaits review and approval by the United States Trustee.

{6892 APPL A0320395.DOC}                         2

10.   During the current Application Period, Shaw Gussis' attorneys and paraprofessionals have spent 10.30 hours providing professional services on behalf of the Trustee in connection with his administration of the Estate.   All of the services for which compensation is requested were services which, in Shaw Gussis' billing judgment, were actual and necessary and were rendered after due consideration of the expected cost and anticipated benefit of such services.

11.   All of the services for which compensation is requested were rendered in connection with the Case and are set forth in detail in the attached Exhibit A.   All of the time described in the exhibit represents the actual amount of time spent by attorneys of Shaw Gussis who rendered the described services.   In certain instances, the time reflected in the exhibit has been reduced in an effort by Shaw Gussis to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive services.

12.   The lodestar amount of compensation sought with respect to the services set forth above is $4,780.50.   In addition, and in accordance with Local Rule 5082-1(B)(1) the total compensation sought for each professional with respect to the aforementioned services is as follows:

| Attorney | Position | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Brian L. Shaw | Member | 7.10 | 475.00 | $3,372.50 |
| Richard M. Fogel | Of-Counsel | 3.20 | 440.00 | 1,408.00 |
| Totals | | 10.30 | | $4,780.50 |

13.   The hourly rates charged by Shaw Gussis with respect to the Case compare favorably with the rates charged by other Chicago area firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis attorneys and paralegals providing services to the Trustee.   Further, the amount of time spent by Shaw Gussis with respect to the

Case is reasonable given the difficulty of the issues presented and the amounts at stake and the sophistication and experience of opposing counsel.

14.     Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that $4,780.50 represents a fair and reasonable amount for the allowance of compensation for the services rendered during the Application Period.

## THE EXPENSES REQUESTED

15.     All of the expenses for which reimbursement is requested are expenses which Shaw Gussis customarily recoups from all of its clients.  The types of costs for which reimbursement is sought are listed below:

| Internal Photocopy | 10¢ per page |
|---|---|
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Long Distance Telephone | actual cost |
| Local Telephone | no charge |
| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| On Line Legal or Factual Research (Westlaw/Lexis/Pacer) | actual cost |
| Postage - when over $1.00 (no charge for routine postage on items less than $1.00) | actual cost |
| Overnight Delivery (e.g., Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

{6892 APPL A0320395.DOC}

16.    The specific expenses for which reimbursement is requested during the Application Period are as follows:

| | |
|---|---|
| Photocopy | 107.10 |
| Postage | 46.50 |
| **Total Disbursements** | **$153.60** |

17.    All of the expenses for which reimbursement is sought are costs actually borne by Shaw Gussis and were necessarily incurred in connection with this case. Annexed hereto as Exhibit A is an itemization for all expenses for which reimbursement is sought by this Application.

COMPLIANCE WITH SECTION 504

18.    Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

NOTICE

19.    No less than twenty-one days' Notice and a copy of this Application have been provided to the Office of the United States Trustee, all counsel of record and all creditors that have filed proofs of claim against the Estate. Shaw Gussis respectfully requests that the Court consider such notice to be adequate under the circumstances.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto that:

A.    approves the Final Award; and

B.    allows Shaw Gussis $4,780.50 in compensation and $153.60 in reimbursement of expenses for the Application Period;

C.      authorizes and directs the Trustee to pay Shaw Gussis the sum of

$4,934.10 for the allowance from available estate funds;

D.      provides Shaw Gussis with such additional relief as may be appropriate

under the circumstances.

Dated:  June 13, 2012                                  Respectfully submitted,

                                                       Shaw Gussis Fishman Glantz Wolfson
                                                         & Towbin LLC, counsel to the Trustee

                                                       By:    /s/ Brian L. Shaw
                                                              One of the Trustee's attorneys

Brian L. Shaw (#6216834)
Richard M. Fogel (#3127114)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL  60654
Telephone:  (312) 541-0151
Facsimile:   (312) 980-3888

{6892 APPL A0320395.DOC}                      6